Per Curiam.

It is settled that a defendant upon his arraignment must be advised not only of his right to counsel, but also of his right to a postponement of the proceedings in order to enable him to obtain and consult with counsel; and, of course, he must be given a reasonable opportunity to ask for counsel and such adjournment before being required to plead to the charge against him (Code Crim. Pro., § 699; see People v. Marincic, 2 N Y 2d 181). And, to render the applicable statutory provisions meaningful and effective, this court recently declared in the Marincic case (2 N Y 2d, at p. 184), the judge presiding “ must make it clear ” that such are the defendant’s rights.
In the cases before us, 17 in number, although the city court judge may have exhibited solicitude for the several defendants and may have told them that they had a right to be represented by counsel, he failed to make it sufficiently clear that they also had the right to a postponement of the proceedings to permit them to obtain and consult with counsel.
The judgments should be reversed and a new trial ordered as to each defendant.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgments reversed, etc.